UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON SUBSCRIBING TO POLICY
NUMBER PGIARK03959,

                     Plaintiffs,                     Case No.:

     -against-                          **COMPLAINT FOR**
                                        **DECLARATORY RELIEF**
NEW DOMINION, LLC,

                 Defendant.
-------------------------------------------------------------------X

     Plaintiffs, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO

POLICY NUMBER PGIARK03959 by its attorneys, MILBER MAKRIS PLOUSADIS &

SEIDEN, LLP, as and for its Complaint against the defendant, alleges the following:

## INTRODUCTION

     1.     This is a Complaint for declaratory judgment wherein Plaintiffs, CERTAIN

UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NUMBER

PGIARK03959 ("UNDERWRITERS") seeks a declaration concerning the rights and liabilities

of the parties regarding a policy of insurance issued by Plaintiffs to NEW DOMINION, LLC.

("NEW DOMINION").

     2.     This Complaint for declaratory relief involves a controversy regarding coverage

under the Site Pollution Liability Policies in connection with five underlying lawsuits against

NEW DOMINION alleging that NEW DOMINION caused earthquakes in or near the State of

Oklahoma. Subject to all of their terms, conditions, and limitations, the policies provide

coverage for certain losses arising from certain claims made against NEW DOMINION.

However, for the reasons set forth below, the Policies, by their terms, preclude coverage concerning the five particular actions at issue.

    3.        An actual, ripe and justiciable controversy has arisen between the parties in regard to their respective rights and obligations under the terms of the policy.

    4.        In particular, Plaintiffs seek a determination and declaration that: (i) there is no coverage under the Site Pollution Liability Policies for the claims asserted in the Five Actions, hereinafter defined; (ii) Plaintiffs have no obligation to defend or reimburse any defense costs incurred by NEW DOMINION in defending the Five Actions, hereinafter defined; (iii) Plaintiffs have no duty to indemnify NEW DOMINION for any judgment entered in the Five Actions, hereinafter defined; (iv) Plaintiffs are entitled to reasonable and necessary attorneys' fees associated with the prosecution of this action; (v) Plaintiffs are entitled to all costs of court; and (vi) grant to the Plaintiffs such other and further relief as to the Court is just proper and equitable.

## THE PARTIES

    5.        Plaintiffs, UNDERWRITERS, are the two "Names" for and on behalf of two different Lloyd's Syndicates, as follows:

        a.     Ark Corporate Member Limited (Syndicate 4020) is incorporated under the laws of England and Wales, and its principal place of business is London, England; and

        b.     Renaissance Re Corporate Capital Limited (Syndicate 1458) is incorporated under the laws of England and Wales, and its principal place of business is London, England; and

    6.        The Schedule of Participating Underwriters for the 2015-2016 Policy, hereinafter defined, includes Syndicate No. 4020 with the Pseudonym of ARK, Syndicate No. 1458 with the Pseudonym of RNR, and Syndicate No. 1084 with the Pseudonym of CSL.

7.     Syndicate 1084's capital is solely provided by Chaucer Corporate Capital (No. 3) Limited, a UK company based in London. It is a subsidiary of The Hanover Insurance Group, headquartered in Massachusetts, USA.

8.     NEW DOMINION is an Oklahoma limited liability company with its principal place of business in Tulsa County, Oklahoma.

## JURISDICTION, VENUE, AND STANDING

9.     The Plaintiffs bring this action for a declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201-02 to determine questions of actual controversy between the parties as hereinafter more fully set forth.

10.     This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(2) because complete diversity of citizenship exists between the Plaintiffs and the Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11.     Venue is proper in this district because the Policies contain a forum selection provision providing for the jurisdiction of the Courts in the State of New York and a choice of law provision providing for the application of the laws of the State of New York.

## THE POLICIES

12.     Plaintiffs issued "Site Pollution Liability – Claims Made Form" Policy No. PGIARK03959 (sometimes referred to herein as the "Site Pollution Policy") to first named insured NEW DOMINION.  The Policy for policy year July 1, 2014 to July 1, 2015 is sub-numbered as Policy No. PGIARK03959-00 (the "2014-2015 Policy"). A copy of the 2014-2015 Policy is annexed hereto as **Exhibit "1"** with premium information redacted.

3

13.    The Schedule of Participating Underwriters for the 2014-2015 Policy includes Syndicate No. 4020 with the Pseudonym of ARK and Syndicate No. 1458 with a Pseudonym of RNR.

14.    The 2014-2015 Policy provides in relevant part as follows:

**Site Pollution Liability Policy**

THIS  POLICY  APPLIES  ONLY  TO  POLLUTION CONDITIONS DISCOVERED, OR CLAIMS FIRST MADE AND REPORTED, DURING THE POLICY PERIOD…

I.    INSURING AGREEMENTS

***

Coverage B- Third Party Claims

1.)    The Company will pay on behalf of the insured those sums that the Insured becomes legally obligated to pay as damages from claims for bodily injury or property damage that result from pollution conditions at, on, under or migrating from the Insured's site(s) to which this insurance applies. The Company will have the right and duty to defend the Insured against any suit seeking those damages. However, the Company will have no duty to defend the Insured against any suit seeking damages for bodily injury or property damage that result from pollution conditions at, on, under or migrating from the Insured's site(s) to which this insurance does not apply…

***

II.    EXCLUSIONS

A.    Applicable to Coverages A, B, and C:

1)    This policy does not apply to punitive damages, exemplary damages, multiplied damages, fines or penalties. However, this insurance will allow punitive damages if allowable by law.

***

4

VII.   DEFINITIONS

O.   Pollutant(s) means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke vapors, soot fumes, acids, alkalis or toxic chemicals, and includes waste.

P.   Pollution conditions mean the discharge, dispersal, seepage, migration, release or escape of pollutants.

S.   Site(s) means the specific location(s) designated on the Declarations Page or by endorsement onto this policy.

\*\*\*

IX.   CONDITIONS

N.   Choice of Law and Forum: In the event that the Insured and the Company dispute the validity of formation of this policy or the meaning, interpretation or operation of any term, condition, definition or provision of this policy resulting in litigation, arbitration or any other form of dispute resolution, the Insured and the Company agree that the laws of the State of New York shall apply and that all litigation, arbitration or other form of dispute resolution shall take place in the State of New York.

15.   The Policy for policy year July 1, 2015 to July 1, 2016 is sub-numbered as Policy No. PGIARK03959-01 (the "2015-2016 Policy"). A copy of the 2015-2016 Policy is annexed hereto as **Exhibit "2"** with premium information redacted.

16.   The 2015-2016 Policy provides, in relevant part as follows:

**Site Pollution Liability Policy**

THIS POLICY APPLIES ONLY TO POLLUTION CONDITIONS DISCOVERED, OR CLAIMS FIRST MADE AND REPORTED, DURING THE POLICY PERIOD…

## I.    INSURING AGREEMENTS

\*\*\*

### Coverage B- Third Party Claims

1.)     The Company will pay on behalf of the insured those sums that the Insured becomes legally obligated to pay as damages from **claims** for **bodily injury** or **property damage** that result from **pollution conditions** at, on, under or migrating from the Insured's site(s) to which this insurance applies. The Company will have the right and duty to defend the Insured against any **suit** seeking those damages. However, the Company will have no duty to defend the Insured against any **suit** seeking damages for **bodily injury** or **property damage** that result from **pollution conditions** at, on, under or migrating from the Insured's site(s) to which this insurance does not apply…

\*\*\*

## II.    EXCLUSIONS

### A.    Applicable to Coverages A, B, and C:

1)     This policy does not apply to punitive damages, exemplary damages, multiplied damages, fines or penalties. However, this insurance will allow punitive damages if allowable by law.

\*\*\*

## VII.    DEFINITIONS

O.     **Pollutant(s)** means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke vapors, soot fumes, acids, alkalis or toxic chemicals, and includes waste.

P.     **Pollution conditions** mean the discharge, dispersal, seepage, migration, release or escape of pollutants.

S.     **Site(s)** means the specific location(s) designated on the Declarations Page or by endorsement onto this policy.

6

\*\*\*

IX.    **CONDITIONS**

N.    **Choice of Law and Forum**: In the event that the Insured and the Company dispute the validity of formation of this policy or the meaning, interpretation or operation of any term, condition, definition or provision of this policy resulting in litigation, arbitration or any other form of dispute resolution, the Insured and the Company agree that the laws of the State of New York shall apply and that all litigation, arbitration or other form of dispute resolution shall take place in the State of New York.

## THE UNDERLYING ACTIONS

17.    NEW DOMINION operates as an oil and gas exploration and development company which engages in hydraulic fracturing and injection well operations.

18.    Hydraulic fracturing and injection well operations are alleged to be inducing earthquakes in various parts of the State of Oklahoma.

19.    Lisa Griggs and April Marler, on behalf of themselves and all other similarly situated, filed suit in January 2016 against NEW DOMINION and others in the District Court of Logan County, Oklahoma, State of Oklahoma ("Griggs Action"). A copy of the Petition in the Griggs Action is attached hereto as **Ex. 3.**

20.    G. Terry Felts, Deborah Felts and others filed suit in January 2016 against NEW DOMINION and others in the District Court of Oklahoma County, Oklahoma, State of Oklahoma ("Felts Action"). A copy of the Petition in the Felts Action is attached hereto as **Ex. 4.**

21.    Stormy Hopson, Lisa West and others filed suit in February 2016 against NEW DOMINION and others in the District Court of Pottawatomie County, Oklahoma, State of

Oklahoma ("Hopson Action").  A copy of the Petition in the Hopson Action is attached hereto as **Ex. 5.**

22.     Brenda Lene and Jon Darryn Lene filed suit in February 2016 against NEW DOMINION and others in the District Court of Logan County, Oklahoma, State of Oklahoma ("Lene Action").  A copy of the Petition in the Lene Action is attached hereto as **Ex. 6.**

23.     Sierra Club filed suit in February 2016 against NEW DOMINION and others in the United States District Court for the Western District of Oklahoma ("Sierra Club Action").  In April 2016 a First Amended Complaint was filed.  A copy of the First Amended Complaint for Declaratory and Injunctive Relief in the Sierra Club Action is attached hereto as **Ex. 7.**

24.     The Plaintiffs in the above-referenced five actions will be collectively referred to herein as "Underlying Plaintiffs" and the actions referred to collectively as the "Five Actions."

25.     The Underlying Plaintiffs allege in each of the Five Actions that Defendant's injection of waste water from its operations into disposal wells causes earthquakes, which in turn caused Underlying Plaintiffs various harms, which are more particularly described in the Petitions/Complaints associated with each Action.

26.     Plaintiffs, by correspondence to Defendant's General Counsel, have denied a coverage obligation with respect to each of the Five Actions.  A copy of the five letters denying coverage are attached hereto as **Ex. 8.**

27.     Plaintiffs are entitled to a declaratory judgment against the Defendant because, for the reasons set forth below, the Site Pollution Liability Policies do not provide coverage for the allegations contained in the Five Actions.

## COUNT I

28.     Plaintiffs repeat and re-allege each and every allegation contained in the paragraphs of the complaint numbered "1" through "27" as if fully set forth at length herein.

29.     To invoke the insuring agreement in the Site Pollution Liability Policies, the claimed damages, if any, must "result from" a "pollution condition," as that term is defined in the policies.

30.     The definition of a "pollution condition" requires a discharge, dispersal, seepage, migration, release or escape of a "pollutant".

31.     None of the allegations set forth in the Complaints and/or Petitions in the Five Actions assert that any of the alleged damages resulted from a "pollution condition".

32.     The allegations set forth in the Complaints and/or Petitions in the Five Actions do not invoke the insuring agreement of the Site Pollution Liability Policies.

33.     Accordingly, there is no coverage for the Five Actions under the policies.

34.     A justiciable controversy exists between Plaintiffs and Defendant concerning the rights of each as to the other under the terms and conditions of the Site Pollution Liability Policies.

35.     Plaintiffs have no adequate remedy at law.

36.     By reason of the foregoing, Plaintiffs are entitled to judgment declaring that no coverage exists for the Five Actions under the Site Pollution Liability Policies.

37.     By reason of the foregoing, Plaintiffs are entitled to a judgment declaring that it has no obligation to defend or indemnify Defendant in the Five Actions.

## COUNT II

38.     Plaintiffs repeat and re-allege each and every allegation contained in the paragraphs of the complaint numbered "1" through "37" as if fully set forth at length herein.

39.     The Five Actions were first reported to Plaintiffs in January and February 2016.

40.     The Policy Period for the 2014-2015 Policy only extended through to July 1, 2015.

41.     Accordingly, there is no coverage for the Five Actions under the 2014-2015 Policy.

42.     A justiciable controversy exists between Plaintiffs and Defendant concerning the rights of each as to the other under the terms and conditions of the Site Pollution Liability Policies.

43.     Plaintiffs have no adequate remedy at law.

44.     By reason of the foregoing, Plaintiffs are entitled to a judgment declaring that no coverage exists for the Five Actions under the 2014-2015 Policy.

## COUNT III

45.     Plaintiffs repeat and re-allege each and every allegation contained in the paragraphs of the complaint numbered "1" through "44" as if fully set forth at length herein.

46.     The above-referenced Site Pollution Liability Policies afford coverage for "damages … for bodily injury or property damage".

47.     To the extent that the relief requested in any of the Five Actions seek injunctive or declaratory relief, there is no coverage under the Site Pollution Liability Policies.

48.     The Plaintiffs have no obligation to defend or indemnify Defendant for any claims set forth in any of the Five Actions that seek injunctive or declaratory relief.

49.    A justiciable controversy exists between Plaintiffs and Defendant concerning the rights of each as to the other under the terms and conditions of the Site Pollution Liability Policies.

50.    Plaintiffs have no adequate remedy at law.

51.    By reason of the foregoing, Plaintiffs are entitled to a judgment declaring that and that Plaintiffs have no obligation to defend or indemnify Defendant in any of the Five Actions that seek injunctive or declaratory relief.

**COUNT IV**

52.    Plaintiffs repeat and re-allege each and every allegation contained in the paragraphs of the complaint numbered "1" through "51" as if fully set forth at length herein.

53.    The above-referenced Site Pollution Liability Policies excludes coverage for punitive damages, exemplary damages, multiplied damages, fines or penalties.

54.    To the extent that the relief requested in any of the Five Actions seek punitive damages, exemplary damages, multiplied damages, fines or penalties there is no coverage under the Site Pollution Liability Policies.

55.    Plaintiffs have no obligation to defend or indemnify Defendant for any claims set forth in any of the Five Actions that seek punitive damages, exemplary damages, multiplied damages, fines or penalties.

56.    That a justiciable controversy exists between Plaintiffs and Defendant concerning the rights of each as to the other under the terms and conditions of the Site Pollution Liability Policies.

57.    Plaintiffs have no adequate remedy at law.

58.     That by reason of the foregoing, Plaintiffs are entitled to a judgment declaring that and that Plaintiffs have no obligation to defend or indemnify Defendant in any of the Five Actions that seek punitive damages, exemplary damages, multiplied damages, fines or penalties.

## COUNT V

59.     Plaintiffs repeat and re-allege each and every allegation contained in the paragraphs of the complaint numbered "1" through "58" as if fully set forth at length herein.

60.     The Site Pollution Liability Policies requires that the "pollution conditions commence after the Retroactive Date shown in the Declarations, if any, and before the end of the policy period".

61.     To the extent the Five Actions allege pollution conditions, and to the extent that such conditions commenced prior to the Retroactive Date, there is no coverage under the Site Pollution Liability Policies.

62.     Accordingly, Plaintiffs have no obligation to defend or indemnify Defendant for any claims set forth in any of the Five Actions.

63.     That a justiciable controversy exists between Plaintiffs and Defendant concerning the rights of each as to the other under the terms and conditions of the Site Pollution Liability Policies.

64.     Plaintiffs have no adequate remedy at law.

65.     That by reason of the foregoing, Plaintiffs are entitled to a judgment declaring that and that Plaintiffs have no obligation to defend or indemnify Defendant in any of the Five Actions.

## COUNT VI

66.     Plaintiffs repeat and re-allege each and every allegation contained in the paragraphs of the complaint numbered "1" through "65" as if fully set forth at length herein.

67.     The Insuring Agreement of the Site Pollution Liability Policies provides that it will "pay as damages from claims of bodily injury or property damage that result in pollution conditions at, on, under or migrating from the Insureds site(s) to which this insurance applies".

68.     The term "site(s)" is defined in the Site Pollution Liability Policies as the "specific location(s) designated on the Declarations Page or by endorsement onto the policy".

69.     To the extent that any pollution condition was not at, on or did not migrate from a site set forth in the Declarations Page of the Site Pollution Liability Policies, there is no coverage for the the claims set forth in the Five Actions.

70.     Accordingly, Plaintiffs have no obligation to defend or indemnify Defendant for any claims set forth in any of the Five Actions.

71.     That a justiciable controversy exists between Plaintiffs and Defendant concerning the rights of each as to the other under the terms and conditions of the Site Pollution Liability Policies.

72.     Plaintiffs have no adequate remedy at law.

73.     That by reason of the foregoing, Plaintiffs are entitled to a judgment declaring that and that Plaintiffs have no obligation to defend or indemnify Defendant in any of the Five Actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that a judgment be made and entered herein adjudging and declaring:

(i)     There is no coverage under the Site Pollution Liability Policies for the claims
        asserted in the Five Actions;

(ii)    Plaintiffs have no obligation to defend or reimburse any defense costs incurred by
        Defendant in defending the Five Actions;

(iii)   Plaintiffs have no duty to indemnify Defendant for any judgment entered in the
        Five Actions;

(iv)    Plaintiffs are entitled to reasonable and necessary attorneys' fees associated with
        the prosecution of this action;

(v)     Plaintiffs are entitled to all costs of Court; and

(vi)    Grant to the Plaintiffs such other and further relief as to the Court is just proper
        and equitable.

Dated:  Woodbury, New York
        June 27, 2016

                                        MILBER MAKRIS PLOUSADIS
                                        & SEIDEN, LLP

                                        By: _____
                                            LORIN A. DONNELLY (0791)
                                        Attorneys for Plaintiffs
                                        1000 Woodbury Road, Suite 402
                                        Woodbury, New York 11797
                                        Ph: (516) 712-4000
                                        Fax: (516)712-4013
                                        File No.: 878-10695
                                        ldonnelly@milbermakris.com