UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
CERTAIN UNDERWRITERS AT LLOYD'S,
LONDON SUBSCRIBING TO POLICY
NUMBER PGIARK03959,

                              Plaintiffs,                    Case No.:  16-5005

         -against-

NEW DOMINION, LLC,

                              Defendant.
-------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS OR STAY
THE COMPLAINT FOR DECLARATORY RELIEF**

Lorin A. Donnelly, Esq.
MILBER MAKRIS PLOUSADIS
& SEIDEN, LLP
Attorneys for Plaintiffs
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
(516) 712-4000
File No.:  878-12513

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... iii

PRELIMINARY STATEMENT ................................................................................................ 1

FACTS ......................................................................................................................................... 1

   A.  The Insurance Policies .................................................................................................... 1

   B.  The Earthquake Lawsuits ............................................................................................... 2

   C.  The Oklahoma Action and Present Action ................................................................... 3

ARGUMENT ............................................................................................................................... 5

POINT I ........................................................................................................................................ 5

      NEW DOMINION'S MOTION SHOULD BE DENIED SINCE THE
      *WILTON/BRILLHART* ABSTENTION DOCTRINE ONLY APPLIES TO
      PARALLEL STATE ACTIONS

   A.  Legal Standard ................................................................................................................ 5

   B.  The Wilton/Brillhart Abstention Doctrine Is Inapplicable In This Case ...................... 6

POINT II ....................................................................................................................................... 7

      THE COURT SHOULD NEITHER STAY NOR DISMISS THIS ACTION
      BECAUSE THE *WILTON/BRILLHART* FACTORS DO NOT SUPPORT
      ABSTENTION

   A.  The Oklahoma Action and this Action Are Not Parallel in Scope to One Another ...... 7

   B.  The Claims of All Parties in Interest Cannot Be Satisfactorily Adjudicated in the
      Oklahoma Action ........................................................................................................... 8

   C.  This Action Contains the Necessary Parties .................................................................. 9

   D.  Even Though Underwriters Might Be Amenable to Process in the Oklahoma
      Action, Both Parties Intended New York to Be the Forum of any Disputes
      Concerning the Policy .................................................................................................... 11

   E.  Abstention by this Court in This Action Does Not Avoid Duplicative Litigation ........ 11

F.  The Forum Selection Clause Bars Any Claim of Forum Shopping.............................. 12

G.  Oklahoma Is Not a More Convenient Forum ................................................................ 13

H.  Neither Case Has Progressed Beyond its Infancy Because the Oklahoma
    Action Was Filed Only 11 Days Before This Action ....................................................... 14

I.  The Issues in this Case Involve New York Law and Should Be Interpreted
    by a Court Sitting in New York ..................................................................................... 15

POINT III ............................................................................................................................... 16

     THE MOTION TO DISMISS OR STAY SHOULD BE DENIED

POINT IV ............................................................................................................................... 17

     THE FORUM SELECTION CLAUSE IS ENFORCEABLE

POINT V ................................................................................................................................. 19

     THIS   COURT   HAS   PERSONAL   JURISDICTION   OVER   NEW
     DOMINION

A.  Legal Standard ............................................................................................................ 19

B.  This Court Has Jurisdiction Over New Dominion ....................................................... 20

CONCLUSION ....................................................................................................................... 25

## **TABLE OF AUTHORITIES**

**Page**

**Cases**

*Ace Am. Ins. Co. v. Graftech Intern. Ltd.*, 2014 WL 2884681 (S.D.N.Y. 2014) .......................... 14

*Am. Home Assur. Co. v. McDonald*, 182 Misc. 2d 716, 721 (Sup. Ct. 1999),
    *affd as mod*, 274 AD2d 70 (1st Dep't 2000) ......................................................... 25

*Am. Motorist Ins. Co. v. Glidden Co.,* 129 F. Supp. 2d 640, 641 (S.D.N.Y. 2001) ...................... 9

*Atl. Mar. Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 134 S. Ct. 568 (2013) ............. 17

*Aviall, Inc. v. Ryder Sys., Inc.,* 913 F.Supp. 826, 831 (S.D.N.Y.1996) ...................................... 25

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 129
    (2d Cir 2002) .................................................................................................. 23, 24

*Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942) ................................................ 5, 7

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) ...................................... 21, 22, 23, 24

*Calder v. Jones*, 465 U.S. 783 (1984) ................................................................................. 21

*Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593 and 595 (1991) ................................... 24

*D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006) ........................................... 20

*DiBella v. Hopkins*, 187 F.Supp. 2d 192, 198 (S.D.N.Y. 2002) .............................................. 19

*Dittmer v. Cnty. of Suffolk,* 146 F.3d 113, 116 (2d Cir. 1998) ................................................... 5

*Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.,* 722 F.3d 81, 85 (2d Cir. 2013) ........................... 20

*Dow Jones & Co. v. Harrods, Ltd.*, 237 F.Supp.2d 394, 443 (S.D.N.Y.2002),
    aff'd, 346 F.3d 357 (2d Cir. 2003) ....................................................................... 14

*Dunkin' Donuts Franchised Restaurants LLC v. Rijay, Inc.*, 2007 WL 1459289
    (S.D.N.Y. 2007) ............................................................................................... 11

*Export–Import Bank of U.S. v. Hi–Films S.A. de C.V.*, 2010 WL 3743826
    (S.D.N.Y. 2010) ............................................................................................... 20

*Falconwood Fin. Corp. v. Griffin,* 838 F.Supp. 836, 840 (S.D.N.Y.1993) ................................ 13

*Farrell Lines Inc. v. Columbus Cello–Poly Corp.*, 32 F.Supp.2d 118, 127
    (S.D.N.Y.1997) ........................................................................................... 12, 21

*Fireman's Fund Ins. Co. v. Chris-Craft Industries, Inc.,* 932 F.Supp. 618, 620 n. 3
    (S.D.N.Y. 1996) ............................................................................................... 14

*Gen. Phoenix Corp v. Malyon*, 88 F. Supp. 502, 503 (S.D.N.Y. 1949) ..................................... 24

*Hartford Accident & Indem. Co. v. Hop-On Int'l Corp.,* 568 F. Supp. 1569, 1573
    (S.D.N.Y. 1983) ............................................................................................... 14

*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) ......................... 21

*Insurance Company of North America v. ABB Power Generation, Inc.,*
    112 F.3d 70, 72 (2d Cir. 1997) ............................................................................ 13

*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) ......................................... 21, 22

*Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999) ........................................ 19, 20

*Klos v. Lotnicze*, 133 F.3d 164, 168 (2d Cir. 1997) ............................................................... 25

*Koninklijke Philips Elecs. v. Digital Works, Inc.*, 358 F.Supp.2d 328, 333
    (S.D.N.Y.2005) .......................................................................................... 20, 21

*Lavan Petroleum Co. v. Underwriters at Lloyds*, 334 F.Supp. 1069, 1073
    (S.D.N.Y. 1971) ............................................................................................... 24

*M/S Bremen v. Zapata Off-Short Co.*, 407 U.S. 1 (1972) ......................................................... 9

*Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996)............... 22

*Milliken v. Meyer*, 311 U.S. 457, 463 (1940) ............................................................. 21

*National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311 (1964)............................................. 22

Nat'l Union Fire Ins., Co. of Pittsburgh, Pa. v. Karp, 108 F.3d 17, 22–23 (2d Cir.1997) .......... 7, 8

*Niagara Mohawk Power Corp. v. Hudson Riv.-Black Riv. Regulating Dist.,*
   673 F.3d 84, 100 (2d Cir. 2012) ........................................................................... 5

*Richardson Greenshields Secs., Inc. v. Metz,* 566 F.Supp. 131, 134 (S.D.N.Y.1983) ................ 13

*Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 688 F.Supp.2d 303, 314 (S.D.N.Y. 2010) .......... 12

*Thales Alenia Space France v. Thermo Funding Co., LLC,* 959 F. Supp. 2d 459, 466
   (S.D.N.Y. 2013)........................................................................................ 18

*TIG Ins. Co. v. Fairchild Corp.,* 2008 WL 2198087 (S.D.N.Y. 2008)........................................ 7

*Transway Shipping Ltd. v. Underwriters at Lloyd's*, 717 F. Supp. 82, 84 (S.D.N.Y. 1989) ........ 24

*Travelers Indem. Co. v. Philips Elecs. N. Am. Corp.,* 2004 WL 193564
   (S.D.N.Y. Feb. 3, 2004)........................................................................... 14

*U.S. Underwriters Ins. Co. v. Kum Gang, Inc.*, 443 F. Supp. 2d 348, 353 (E.D.N.Y. 2006)....... 16

*Ulico Cas. Co. v. Cox Mech. Contr., Inc.*, 2007 WL 2265563 (S.D.N.Y. 2007) ....................... 12

*Ultracashmere House, Ltd. v. Madison's of Columbus, Inc.,* 534 F.Supp. 542, 545
   (S.D.N.Y.1982).......................................................................................... 21

*Wallert v. Atlan*, 141 F.Supp.3d 258, 270 (S.D.N.Y. 2015) ............................................... 20

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995) ........................................................ 5, 6, 7

*World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ................................ 21

Youell v. Exxon Corp., 74 F.3d 373, 373–76 (2d Cir.1996) ............................................... 7

*Zaltz v. JDATE*, 952 F.Supp.2d 439 (E.D.N.Y. 2013)................................................... 13

**Statutes**

Fed. R. Civ. P. 12(b)(2).............................................................................................. 19

## PRELIMINARY STATEMENT

Plaintiff, Certain Underwriters at Lloyd's, London Subscribing to Policy Number PGIARK03959 ("Underwriters") hereby submits this Memorandum of Law in opposition to the Motion to Dismiss or Stay the Complaint for Declaratory Relief, or in the Alternative, Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendant New Dominion, LLC ("New Dominion").

New Dominion's motion should be denied in its entirety. First, New Dominion's entire argument has misapplied the *Wilton/Brillhart* doctrine of abstention because the current action in Oklahoma has been removed to federal court and the *Wilton/Brillhart* doctrine of abstention applies only to parallel state actions.   Second, none of the *Wilton/Brillhart* factors favor abstention in this matter. Third, the Choice of Law and Forum Clause in the policies are valid and enforceable. Furthermore, New Dominion's motion should be denied since a decision regarding abstention is wholly inappropriate given the motions pending in the Oklahoma Action. Finally, this Court has jurisdiction over New Dominion.

## FACTS

### A.    The Insurance Policies

Underwriters issued a "Site Pollution Liability – Claims Made Form" Policy No. PGIARK03959 to New Dominion for the Policy Period July 1, 2014 to July 1, 2015 and is sub-numbered as Policy No. PGIARK03959-00 (the "2014-2015 Policy").  *See* Declaration of Lorin A. Donnelly, Esq. ("Donnelly Decl."), Exhibit "B".  The 2014-2015 Policy included a Choice of Law and Forum Clause in relevant part as follows:

    IX.    CONDITIONS…

        N.    Choice of Law and Forum:  In the event that the Insured and the Company dispute the validity of the formation of

this policy or the meaning, interpretation or operation of any term, condition, definition or provision of this policy resulting in litigation, arbitration, or any other form of dispute resolution, the Insured and the Company agree that the laws of the State of New York shall apply and that all litigation, arbitration or other form of dispute resolution shall take place in the State of New York.

Underwriters issued a "Site Pollution Liability – Claims Made Form" to New Dominion for the Policy Period July 1, 2015 to July 1, 2016 and is sub-numbered as Policy No. PGIARK03959-01 (the "2015-2016 Policy"). *See* Donnelly Decl. Exhibit "C". The 2015-2016 Policy included the same Choice of Law and Forum Clause.

**B.     The Earthquake Lawsuits**

New Dominion operates as an oil and gas exploration and development company which engages in hydraulic fracturing and injection well operations. *See* Donnelly Decl. Exhibit "A" at ¶17. Hydraulic fracturing and injection well operations are alleged to be inducing earthquakes in various parts of the State of Oklahoma. *Id.* at ¶18. Between January 11, 2016 and February 18, 2016, New Dominion was sued in five separate lawsuits (collectively referred to as the "Earthquake Lawsuits").

The Earthquake Lawsuits consist of the following: *Felts v. Devon Energy Production Company, L.P.*, Case No. CJ-2016-137, Oklahoma County, State of Oklahoma; *Griggs v. Chesapeake Operation, LLC, et al.*, Case No. CJ-2016-6, Logan County, State of Oklahoma; *Lene v. Chesapeake Operating, LLC, et al.*, Case No. CJ-2016-27, Logan County, State of Oklahoma; *Sierra Club v. Chesapeake Operating LLC, et al.*, Case No. CIV-16-134, United States District Court of the Western District of Oklahoma; and *West v. ABC Oil Company, Inc., et al.*, Case No. CJ-16-49, Pottawatomie County, State of Oklahoma. *See* Donnelly Decl. Exhibit "A" and Exhibits "3"-"7" annexed thereto.

On May 4, 2016, Underwriters, by correspondence to New Dominion's General Counsel, denied coverage obligations with respect to each of the Earthquake Lawsuits. *See* Donnelly Decl., Exhibit "A" and Exhibit 8.

**C.      The Oklahoma Action and Present Action**

On June 16, 2016, in direct conflict with the contracting intent of the parties as reflected in the Choice of Law and Forum Clause found in both the 2014-2015 and 2015-2016 policies, New Dominion filed an action in the District Court in Tulsa County, State of Oklahoma (the "Oklahoma Action). *See* Declaration of Robert Lafferrandre (the "Lafferrandre Decl."), Exhibit "A" annexed thereto.

The Petition in the Oklahoma Action alleges causes of action against Underwriters for breach of contract and breach of the covenant of good faith and fair dealing. *Id.* at ¶¶ 11-15. Additionally, the Petition alleges willful and wanton conduct by Underwriters and demands punitive damages. *Id.* at ¶28. Moreover, the Petition names insurance agent Mark Tedford and his firm, Tedford & Associates, LLC (collectively the "Tedford Parties") as additional defendants, alleging negligence on the part of Mark Tedford and vicarious liability for Tedford & Associates. *Id.* at ¶¶ 17-25.

On June 16, 2016, Robert Lafferrandre, Esq. Counsel for Underwriters in the Oklahoma Action called Andrew Jayne, Esq. counsel for New Dominion, LLC. The purpose of the call was to discuss Mr. Jayne's emailed request that Mr. Lafferrandre accept service of the Petition in the State Court Action on behalf of Underwriters. Mr. Jayne was not available, but Mr. Lafferrandre left a message telling him that he would be happy to discuss Mr. Jayne's request and further requested that Mr. Jayne call him back. *See* Lafferrandre Decl. at ¶3.

Mr. Jayne never returned Mr. Lafferrandre's call regarding whether he would accept service of the Petition on Underwriters behalf. *See* Lafferrandre Decl. at ¶4.

On June 27, 2016, Underwriters filed this action for declaratory relief. *See* Donnelly Decl. Exhibit "A". The Declaratory Judgment Complaint seeks a declaration that there is no coverage under the Site Pollution Liability Policies for the claims asserted in the Earthquake Lawsuits; Plaintiffs have no obligation to defend or reimburse any defense costs incurred by Defendant in defending the Earthquake Lawsuits; and that Plaintiffs have no duty to indemnify Defendant for any judgment entered in the Earthquake Lawsuits. *Id.*

On July 22, 2016, in the Oklahoma Action, Underwriters filed a Notice of Removal with the Clerk of the United States District Court for the Northern District of Oklahoma. *See* Lafferrandre Decl. ¶5 and Exhibit "B" annexed thereto.

On July 22, 2016, Underwriters filed a motion to transfer the matter to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1404(a), or dismiss it pursuant to the doctrine of *forum non conveniens*. *See* Lafferrandre Decl. ¶6 and Exhibit "C" annexed thereto. The deadline for New Dominion's Response to the Motion to Transfer and the Notice of Removal is August 22, 2016. The deadline for Replies is September 6, 2016. *See* Lafferrandre Decl. ¶7.

On July 26, 2016, New Dominion filed the present Motion in this Court, four days after the Oklahoma Action had been removed to the United States District Court for the Northern District of Oklahoma.

On July 28, 2016, Mark Tedford and Tedford & Associates, the other Defendants in the Oklahoma Action, have moved to dismiss the Oklahoma Action on the grounds that the Court

lacks subject matter jurisdiction, or in the alternative, dismissal of the claims for fraudulent misjoinder. The motion is pending. *See* Lafferrandre Decl. ¶8 and Exhibit "D" annexed thereto.

## ARGUMENT

## POINT I

### NEW DOMINION'S MOTION SHOULD BE DENIED SINCE THE *WILTON/BRILLHART* ABSTENTION DOCTRINE ONLY APPLIES TO PARALLEL STATE ACTIONS

**A.   Legal Standard**

Under the *Wilton/Brillhart* abstention doctrine, district courts possess significant discretion to dismiss or stay claims over which they have subject matter jurisdiction where solely declaratory relief is sought. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995); *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942).

The general goal of the inquiry is to determine whether the question at issue in the federal suit "can better be settled in the proceeding pending in the *state* court." *Wilton* at 282 (quoting *Brillhart,* 316 U.S. at 495) (internal quotation marks omitted) (Emphasis added). In abstention cases, the district court's discretion must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved. *Dittmer v. Cnty. of Suffolk,* 146 F.3d 113, 116 (2d Cir. 1998). Thus, there is little or no discretion to abstain in a case which does not meet traditional abstention requirements. *Id.*

Abstention is generally disfavored, and federal courts have a "virtually unflagging obligation" to exercise their jurisdiction and the balance is heavily weighted in favor of the exercise of jurisdiction. *Niagara Mohawk Power Corp. v. Hudson Riv.-Black Riv. Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012).

**B.**      **The Wilton/Brillhart Abstention Doctrine Is Inapplicable In This Case**

*Wilton/Brillhart* abstention doctrine has only been applied to federal actions with a parallel *state* court proceeding.  As the *Wilton* court specifically noted:

> We do not attempt at this time to delineate the outer boundaries of that discretion in other cases, for example, cases raising issues of federal law or cases in which there are no parallel *state* proceedings.

*Wilton* at 289. (Emphasis added).

New Dominion admits that the Oklahoma Action is currently pending in federal court, but claims that "it is confident that this matter will be successfully remanded to state court."  *See* New Dominion, LLC's Memorandum of Law in Support at p. 18.  This Court cannot apply a doctrine involving a parallel state court action to the Oklahoma Action, a case now in federal court, merely on the basis that New Dominion hopes the Oklahoma Action will be remanded back to state court.

Surprisingly, New Dominion filed this motion after the Oklahoma Action had already been removed to federal court.  *Wilton/Brillhart* abstention can only apply to this matter if and only the Oklahoma action is remanded back to state court.  At this point, however, remand of the Oklahoma Action is only a theoretical possibility rather than a future reality.  Therefore, New Dominion's Motion to Stay or Dismiss based upon *Wilton/Brillhart* abstention is entirely improper, and, therefore, must be denied.

## POINT II

### THE COURT SHOULD NEITHER STAY NOR DISMISS THIS ACTION BECAUSE THE *WILTON/BRILLHART* FACTORS DO NOT SUPPORT ABSTENTION

Assuming *arguendo*, that the Motion to Dismiss or Stay based upon the *Wilton/Brillhart* factors was procedurally proper, the Motion should be denied because the *Wilton/Brillhart* factors do not support abstention.

Courts have considered the following factors in determining whether to apply *Wilton/Brillhart* abstention: (1) the scope of the pending state proceeding and the nature of the defenses available there; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; (3) whether the necessary parties have been joined; (4) whether such parties are amenable to process in that proceeding; (5) avoiding duplicative proceedings; (6) avoiding forum shopping; (7) the relative convenience of the fora; (8) the order of filing; and (9) choice of law. *TIG Ins. Co. v. Fairchild Corp.,* 2008 WL 2198087 (S.D.N.Y. 2008). *Also see, Wilton,* 515 U.S. at 282–83; *Brillhart,* 316 U.S. at 495; *Nat'l Union Fire Ins., Co. of Pittsburgh, Pa. v. Karp,* 108 F.3d 17, 22–23 (2d Cir.1997); and *Youell v. Exxon Corp.,* 74 U.S. 373, 373–76 (2d Cir.1996).

Assuming that the Motion to Dismiss or Stay is procedurally proper, the *Wilton/Brillhart* factors do not favor abstention. Consequently, New Dominion's Motion to Dismiss or Stay this action should be denied in its entirety.

### A.      The Oklahoma Action and this Action Are Not Parallel in Scope to One Another

As set forth in Point I, *supra*, there is no state court action pending since it was removed to federal court. Nevertheless, federal courts have stated that federal and state actions are parallel when the "two proceedings are essentially the same," or when "there is an identity of parties, and the issues and relief sought are the same." *Nat'l Union Fire Ins. Co. v. Karp,* 108 F.3d 17, 21

(2d Cir. 1997) (citations omitted).  In comparing the scope of this action and the Oklahoma Action, the Oklahoma Action is clearly much wider in scope.

This action is limited to interpreting the Underwriters policies and determining whether or not coverage exists under the Site Pollution Liability Policies for the Earthquake Lawsuits. Furthermore, the Complaint in this action requests reasonable and necessary attorney's fees associated with the prosecution of this action.

On the other hand, the Oklahoma Action involves claims by New Dominion against Underwriters for breach of contract and breach of the covenant of good faith and fair dealing.  As to the latter claim, this will require a determination by the court far beyond whether or not coverage under the policies exists.  Moreover, New Dominion seeks punitive damages against Underwriters in the Oklahoma Action, creating an additional issue of whether or not Underwriters conduct was "willful and wanton," an issue that is entirely separate from the interpretation of the Underwriters policies.

Finally, New Dominion has claims of negligence against the Tedford Parties in the Oklahoma Action that will involve a determination of whether or not their acts or omissions amounted to negligence, or were reckless to warrant punitive damages, which is also outside of the narrow scope of whether or not there was coverage under the Underwriters' policies.

Therefore, the scope of the Oklahoma Action greatly exceeds the scope of this action, and this factor does not favor abstention.

**B.    The Claims of All Parties in Interest Cannot Be Satisfactorily Adjudicated in the Oklahoma Action**

In support of their motion, New Dominion argues that federal courts have indicated that state courts are in a much better position to decide issues regarding state law and that the state court in Oklahoma is in a much better position to decide the issues between New Dominion and

Lloyds.  *See* New Dominion, LLC's Memorandum of Law in Support at p. 10.  This is not so in this case.

Underwriters filed this action in the Southern District of New York because Underwriters and New Dominion contracted that New York be the forum and New York law to be the choice of law of any lawsuit involving the Underwriters policies, as reflected in the Choice of Forum and Law Clause found in both policies at issue. Forum selection clauses are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances. *M/S Bremen v. Zapata Off-Short Co.*, 407 U.S. 1 (1972).

Underwriters intended and is contractually entitled to have a court located in New York apply the laws of New York to the insurance policies it issued.  Incredibly, despite the clear language of the policies, New Dominion claims that New York law should not govern the interpretation of the Policies.  *See* New Dominion, LLC's Memorandum of Law in Support at p. 10, fn.2. An Oklahoma Court cannot satisfactorily interpret the policies under New York law. New York courts are in the best position to interpret the policies under the laws of New York, and Underwriters seeks the benefit of the New York forum it bargained for.

New Dominion completely ignored the intent of the parties under the Choice of Forum and Law Clause found in each of the policies by filing in Oklahoma, it cannot claim that Underwriters claims can be satisfactory adjudicated in the Oklahoma Action.  Therefore, this factor does not favor abstention.

**C.    This Action Contains the Necessary Parties**

New Dominion argues that state court actions that contain all pertinent parties are much more comprehensive than a federal court declaratory judgment action alone. *Am. Motorist Ins. Co. v. Glidden Co.,* 129 F. Supp. 2d 640, 641 (S.D.N.Y. 2001). New Dominion further argues

that the inclusion of the Tedford Parties in the Oklahoma Action is significant because the Tedford Parties are citizens of Oklahoma for purposes of diversity jurisdiction, as is New Dominion. *See* New Dominion, LLC's Memorandum of Law in Support at pp. 11-12.  Thus, New Dominion claims that "if this Court chose not to abstain...there would be issues regarding joinder and jurisdiction." *Id.* at 12. This argument is entirely without merit.

The only necessary parties to this action are Underwriters and New Dominion, as Underwriters seeks a determination of its coverage obligations to New Dominion. All of the necessary parties are included in this action and joinder of any other parties is unnecessary.

Furthermore, as set forth in Underwriters' Notice of Removal of the Oklahoma Action to federal court, the Tedford Parties were fraudulently joined and fraudulently misjoined in the Oklahoma Action in order to defeat federal jurisdiction under 28 U.S.C. §1332. *See* ¶¶ 18-29 of Exhibit "B" of the Lafferrandre Decl.  The claims against the Tedford Parties in the Oklahoma Action relate to the procurement of a Commercial General Liability and Excess coverage afforded by policies issued by NAICO[1] by the Tedford Parties. The claims against the Tedford parties do not relate and are not connected in any manner to the Site Pollution Liability Policies issued by Underwriters. Moreover, New Dominion's dispute with the Tedford Parties has no connection whatsoever with Underwriters' denial of coverage to New Dominion, and accordingly there was no basis to join Underwriters and the Tedford Parties in the Oklahoma Action. In fact, this is precisely the argument the Tedford Parties made in their Motion to Dismiss. Moreover, the Tedford Parties even consented to Underwriters' removal. *See* ¶¶ 7 and 8 of Exhibit "D" of the Lafferrandre Decl. Thus, no issues of joinder of necessary parties would

---

[1] New Dominion discusses the possibility of New Dominion adding National American Insurance Company ("NAICO") in the Oklahoma Action.  However, since NAICO is not presently a party to either the Oklahoma Action or this Action, and may in fact be an illusory defendant, this argument will not be addressed.  Nevertheless, the NAICO policies and coverage under them have no bearing or relevance to Underwriters' coverage obligations.

arise should this Court proceed in this action. The Tedford Parties are not necessary parties in this action.

Therefore, there are no issues regarding whether or not necessary parties can be joined in this action. This factor, also weighs against abstention.

**D.    Even Though Underwriters Might Be Amenable to Process in the Oklahoma Action, Both Parties Intended New York to Be the Forum of any Disputes Concerning the Policy**

The Service of Suit Clause in both of the Underwriters policies states that Lloyds "will submit to the jurisdiction of a Court of competent jurisdiction within the United States." *See* Donnelly Decl., Exhibits "B" and "C".

However, the clause goes on to state:

> Nothing in this Clause constitutes or should be understood to constitute a waiver of Underwriters' rights to commence an action in any Court of competent jurisdiction in the United States, to remove an action to a United States District Court, or to seek a transfer of a case to another Court as permitted by the laws of the United States or of any State in the United States. *Id.*

In fact, both New Dominion and Underwriters intended to have all actions concerning the policies litigated under New York law before a court sitting in the State of New York, as reflected in the Choice of Law and Forum Clause contained in both policies. Accordingly, this factor should be given very little weight by this Court.

**E.    Abstention by this Court in This Action Does Not Avoid Duplicative Litigation**

Litigation is said to be duplicative when two substantially identical lawsuits proceed at the same time. *Dunkin' Donuts Franchised Restaurants LLC v. Rijay, Inc.*, 2007 WL 1459289 (S.D.N.Y. 2007). As mentioned herein, this action involves this Court, situated in New York State, applying New York law to determine whether coverage exists under the Underwriters policies for the Earthquake Lawsuits. However, the Oklahoma Action involves breach of

contract, breach of the covenant of good faith and fair dealing, allegations of negligence against the Tedford parties, and allegations of willful and wanton conduct on the part of Underwriters that would entitle New Dominion to punitive damages.   This action seeks declaratory relief, whereas the Oklahoma Action seeks money damages.

Furthermore, the Motion to Dismiss or Transfer is pending in the Oklahoma Action which, if successful, would render the "duplicative litigation" factor as moot.

Therefore, these determinations will require findings of fact and decisions of law far beyond the scope of coverage under the Underwriters policies.   The Oklahoma Action is not substantially identical to this action, and not such that "each element of the claims would be explored similarly in state and federal court" as New Dominion claims. *Ulico Cas. Co. v. Cox Mech. Contr., Inc.*, 2007 WL 2265563 (S.D.N.Y. 2007). Accordingly, abstention by this Court will not avoid duplicative litigation; therefore, this factor does not favor abstention.

**F.     The Forum Selection Clause Bars Any Claim of Forum Shopping**

New Dominion claims that allowing Underwriters to proceed with its declaratory judgment would promote forum shopping.[2] *See* New Dominion, LLC's Memorandum of Law in Support at p. 16.   However, this argument has no basis in fact.    Underwriters has a legitimate reason for bringing suit in the Southern District of New York and due deference should be given to that choice. *See Terra Sec. ASA Konkursbo v. Citigroup, Inc.*, 688 F.Supp.2d 303, 314 (S.D.N.Y. 2010). The legitimate reason is the Choice of Forum and Law Clause in the policies.

Moreover, Courts have held that there is no issue of forum shopping where forum selection clause designates the court in question. *See Cf. Farrell Lines Inc. v. Columbus Cello– Poly Corp.,* 32 F.Supp.2d 118, 125 (S.D.N.Y. 1997) (whether or not the clause is enforceable,

---

[2] New Dominion acknowledges that the Lloyd's policies contain a Choice of Law and Forum Clause, designating New York as the chosen forum, but conveniently requests this Court not to decide any substantive issues regarding its validity and enforceability.

there is no basis for a claim of forum shopping where a forum selection clause provides for suit in the district chosen by a plaintiff). *See also, Insurance Company of North America v. ABB Power Generation, Inc.,* 112 F.3d 70, 72 (2d Cir. 1997) (no issue of forum shopping where forum selection clause designated New York as exclusive venue for arbitration).

Clearly, New Dominion is forum shopping by commencing litigation in Oklahoma total and utter disregard for the Choice of Forum and Law Clause contained within the policies.

Thus, Underwriters is not forum shopping and has a legitimate reason for commencing litigation in the Southern District of New York. Accordingly, there is no issue of forum shopping. Thus, this factor does not support abstention.

## G. Oklahoma Is Not a More Convenient Forum

New Dominion provides numerous details of New Dominion's connection to Oklahoma, and claims that there are virtually no connections to New York. However, New Dominion also admits that the Choice of Law and Forum Clause within each of the Underwriters policies designate New York as its chosen forum.

In determining whether to transfer a case pursuant to 28 U.S.C. §1404(a), the Court in *Zaltz v. JDATE,* 952 F.Supp.2d 439 (E.D.N.Y. 2013) held that "where the parties have agreed upon a forum in a forum-selection clause, as the parties have done here, the convenience of the parties' factor generally weighs heavily in favor of adjudicating the case in the chosen forum." *Id.* at 462. In a case where the parties have already agreed to a particular forum, the 'convenience of the parties' weighs heavily in favor of hearing the case in the designated court. *Falconwood Fin. Corp. v. Griffin,* 838 F.Supp. 836, 840 (S.D.N.Y.1993). *See also Richardson Greenshields Secs., Inc. v. Metz,* 566 F.Supp. 131, 134 (S.D.N.Y.1983) ("[T]he forum-selection clause is determinative as to the convenience of the parties.")

Since the policies contain a forum selection clause, the convenience of the parties weighs in favor of hearing this case in this Court. Accordingly, Oklahoma is not a more convenient forum and this factor does not weigh toward abstention.

### H. Neither Case Has Progressed Beyond its Infancy Because the Oklahoma Action Was Filed Only 11 Days Before This Action

When looking at this factor, courts caution that they are not considering this in terms of a "race to the courthouse" because declaratory judgment is not a prize to the winner of a race to the courthouse. *Hartford Accident & Indem. Co. v. Hop-On Int'l Corp.*, 568 F. Supp. 1569, 1573 (S.D.N.Y. 1983) (citations omitted). If it were considered a "race to the courthouse," courts would be sanctioning procedural gamesmanship by the party who filed first. *Id.* While New Dominion filed the Oklahoma in state court first, this priority in filing is mitigated by the fact that there was only an 11-day gap between when New Dominion filed the Oklahoma Action and when Underwriters commenced this action. Although the order in which claims are filed is a relevant factor, "there can be no mechanistic accrual of rights that attaches by reason of reaching the courthouse first, or indeed of engaging in a race at all." *Dow Jones & Co. v. Harrods, Ltd.*, 237 F.Supp.2d 394, 443 (S.D.N.Y.2002), aff'd, 346 F.3d 357 (2d Cir. 2003); *see also Fireman's Fund Ins. Co. v. Chris-Craft Industries, Inc.,* 932 F.Supp. 618, 620 n. 3 (S.D.N.Y. 1996) (holding the fact that the federal action was filed three days before the state action was not determinative).

Courts instead consider this factor in terms of how the actions are proceeding, as in whether one is advancing ahead of the other. *Travelers Indem. Co. v. Philips Elecs. N. Am. Corp.,* 2004 WL 193564 (S.D.N.Y. Feb. 3, 2004). Evaluation of the order of filing is to be considered in a common-sense manner by examining how much progress has been made in each forum. *Ace Am. Ins. Co. v. Graftech Intern. Ltd.*, 2014 WL 2884681 (S.D.N.Y. 2014).

14

New Dominion claims that the Oklahoma Action is proceeding ahead of this action because 1.) the Tedford Parties entered their appearance; 2.) Underwriters has removed the Oklahoma Action to federal court; and 3.) Underwriters has asked the Northern District of Oklahoma to transfer the Oklahoma Action to this Court. However, none of these actions involve "progression" of the Oklahoma Action. In addition, the Tedford Parties moved to dismiss as well and the motion is still pending. Furthermore, New Dominion states that they will seek to have the action remanded. Procedurally, the Oklahoma Action is not progressing in terms of the prosecution of the action and will not until all of the motions have been decided. In this case, but for this procedurally improper and meritless motion, Plaintiff is ready to proceed with discovery.

Accordingly, New Dominion actually suggests that the final venue for the Oklahoma Action will not even be conclusively determined for some time.  Therefore, it is absurd to claim that the Oklahoma Action is progressing ahead of this action.  Consequently, this factor does not weigh in favor of abstention.

I.    **The Issues in this Case Involve New York Law and Should Be Interpreted by a Court Sitting in New York**

New Dominion admits that the Underwriters policies contain a Choice of Law and Forum Clause, designating that the law of the State of New York should apply.  The present action before this Court asks only that this Court apply New York law to determine whether or not coverage exists under either of Underwriters policies.  Accordingly, only New York law applies to this current matter.

New Dominion argues that the issues to be resolved between New Dominion and Underwriters involve state substantive law, which are better reserved to state courts. Nevertheless, when a determination of the duty to defend can be made and thus clarify the insurer's obligations in the underlying tort action, the Declaratory Judgment Act, 28 U.S.C.

§2201(a), is properly invoked and federal courts can entertain jurisdiction over this matter. *U.S. Underwriters Ins. Co. v. Kum Gang, Inc.*, 443 F. Supp. 2d 348, 353 (E.D.N.Y. 2006).

Finally, because the issues in this action involve only New York law, this is better determined by a court situated in New York than by one situated in Oklahoma. Accordingly, this factor clearly does not favor abstention.

Based upon the foregoing, should this Court apply the factors of *Wilton/Brillhart* abstention, they overwhelmingly favor denying New Dominion's Motion and allowing this action to proceed in this Court. Accordingly, this Court should deny New Dominion's motion in its entirety.

## POINT III

## THE MOTION TO DISMISS OR STAY SHOULD BE DENIED

In the alternative, New Dominion's Motion to Dismiss should be denied on prematurity grounds. First, as discussed in Point I, *supra*, since the Notice of Removal was filed, there is no state court action pending at this time, and there will not be unless and until the case is remanded. *See* 28 U.S.C. §1446 (d). Second, Underwriters has moved in United States District Court for The Northern District of Oklahoma to transfer that case to the District Court for the Southern District of New York pursuant to 28 U.S.C. §1404(a). In the alternative, Underwriters has moved to dismiss the Oklahoma Action based upon *forum non-conveniens* based upon New Dominion's blatant violation and disregard of the mandatory Choice of Law and Forum Clause in the policies. *See* Lafferrandre Decl. ¶7 and Exhibit "C" annexed thereto.

In the Motion to Dismiss or Transfer, Underwriters has argued that based upon the Choice of Law and Forum Clause in the policies, the Choice of Law and Forum Clause is valid and mandatory and requires that New Dominion's claims be litigated in New York. It further

seeks to have the Oklahoma transferred here in the Southern District of New York.[3] New Dominion's response to the Notice of Removal is due August 22, 2016 and replies for both are due on September 6, 2016. *See* Lafferrandre Decl. ¶7.

Since these motions are currently pending, this Court should deny New Dominion's motion in its entirety. If the District Court grants Underwriters' Motion to Transfer, the Oklahoma Action will be transferred to the Southern District of New York and consolidated with the claims in this action. If the District Court grants the motion to dismiss based upon *forum non conveniens*, which is highly likely, again the case will be transferred to the Southern District; it will be consolidated with this action; and necessarily, there will be a determination that the forum selection clause is valid and enforceable. As set forth in *Atl. Mar. Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 134 S. Ct. 568 (2013) when the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause and only under extraordinary circumstances unrelated to the convenience of the parties should a §1404(a) motion be denied. *Id.* at 581 (2013). No such extraordinary circumstances exist which would militate against transfer.

Thus, in the likelihood that this occurs, a decision regarding abstention is wholly inappropriate. Based upon the foregoing, New Dominion's motion should be denied in its entirety.

## POINT IV

## THE FORUM SELECTION CLAUSE IS ENFORCEABLE

New Dominion requests this Court decline any interpretation of the Choice of Law and Forum Clause in each of the policies. However, the validity and enforceability of this clause will

---

[3] For the sake of brevity, Underwriters adopts and incorporates herein the arguments regarding the enforceability of the Forum Selection Clause set forth in the Motion to Transfer or Dismiss and Brief in Support in the Oklahoma Action. *See* Lafferrandre Decl., Exhibit "C" annexed thereto.

directly impact several of the factors in the *Wilton/Brillhart* doctrine, including, *inter alia*, choice of law, whether the claims of all parties in interest can be satisfactorily adjudicated, avoiding forum shopping, and the relative convenience of the forum.  Additionally, the Choice of Law and Forum Clause is the basis of this Court's personal jurisdiction over New Dominion. When forum-selection provisions are entered into through freely negotiated agreements and are not unreasonable or unjust, their enforcement does not offend due process. *Thales Alenia Space France v. Thermo Funding Co., LLC*, 959 F. Supp. 2d 459, 466 (S.D.N.Y. 2013). Moreover, an agreement to an enforceable forum selection clause constitutes consent to personal jurisdiction in the selected forum and constitutes minimum contacts with that forum. *Id.*

The Second Circuit determines enforceability of such provisions in a four-part analysis:

> The first inquiry is whether the clause was reasonably communicated to the party resisting enforcement. The second step requires us to classify the clause as mandatory or permissive, i.e., to decide whether the parties are *required* to bring any dispute to the designated forum or simply *permitted* to do so. Part three asks whether the claims and parties involved in the suit are subject to the forum selection clause.

> If the first three factors are met, the forum selection is presumptively enforceable, shifting the burden to the resisting party for the fourth step. In this final step, the resisting party may still prevail "by making a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" Otherwise, the forum selection clause, assuming the contract itself is valid, will be enforced by the court.

*Id.* at 466.

Applying the above factors, the Choice of Law and Forum Clause is plainly set forth in each policy and was easily communicated to New Dominion and requires that all disputes related to the policies are to be governed by New York law and decided in a New York forum. Therefore, the forum selection clause was communicated to New Dominion. Furthermore, the

Choice of Law and Forum Clause has mandatory force inasmuch as it states: "that the laws of the State of New York *shall* apply and that all litigation, arbitration or other form of dispute resolution *shall* take place in the State of New York". (Emphasis Added.) *See* Donnelly Decl., Exhibits "B" and "C". Finally, it covers the claims and parties in this action since it involves a dispute regarding "the validity of the formation of this policy or the meaning, interpretation or operation of any term, condition, definition or provision of this policy resulting in litigation". *Id.* Moreover, New Dominion has not made a showing that enforcement would be unreasonable or unjust, or that the clause is invalid for such reasons as fraud or overreaching. New Dominion will not be deprived of their day in Court; New Dominion is not deprived of any remedy; and forum selection clauses do not contravene any strong public policy in New York State.

Therefore, the Choice of Law and Forum Clause is not unreasonable and enforceable.

## POINT V

## THIS COURT HAS PERSONAL JURISDICTION OVER NEW DOMINION

**A.   Legal Standard**

New Dominion argues that, alternatively, this Court lacks personal jurisdiction over New Dominion pursuant to Federal Rule of Civil Procedure 12(b)(2). "On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999) (citations omitted). During the initial pleading stages, "a plaintiff is required only to make a prima facie showing of jurisdiction." *DiBella v. Hopkins*, 187 F.Supp. 2d 192, 198 (S.D.N.Y. 2002) (citing Fed. R. Civ. P. 12(b)(2)).

Prior to discovery, a plaintiff challenged by a jurisdiction-testing motion may defeat the motion by pleading in good faith, legally sufficient allegations of jurisdiction. *Wallert v. Atlan*,

141 F.Supp.3d 258, 270 (S.D.N.Y. 2015). At that preliminary stage, the plaintiff's *prima facie* showing may be established solely by allegations. *Id.* The Court construes the pleadings and affidavits in the light most favorable to plaintiffs, resolving all doubts in their favor. *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013).

Accordingly, a district court must conduct a two-part inquiry when considering a motion to dismiss for lack of personal jurisdiction. First, it must determine whether the plaintiff has shown that the defendant is amenable to service of process under the forum state's laws; and second, it must assess whether the court's assertion of jurisdiction under these laws comports with the requirements of due process. *Kernan*, 175 F.3d at 240 (citations omitted).

**B.      This Court Has Jurisdiction Over New Dominion**

In this matter, New Dominion purchased the 2014-2015 Policy and the 2015-2016 Policy for coverage provided by Lloyds. *See* Donnelly Decl., Exhibits "B" and "C". Each policy contained a Choice of Law and Forum Clause stating that the laws of the State of New York shall apply and that all litigation, arbitration or other form of dispute resolution shall take place in the State of New York. *Id.*

Under New York law, parties can consent to personal jurisdiction through forum-selection clauses in contractual agreements. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 103 (2d Cir. 2006). Where an agreement contains a valid and enforceable forum selection clause it is not necessary to analyze jurisdiction under New York's long-arm statute or federal constitutional requirements of due process. *Export–Import Bank of U.S. v. Hi–Films S.A. de C.V.*, 2010 WL 3743826 (S.D.N.Y. 2010) (citing *Koninklijke Philips Elecs. v. Digital Works, Inc.*, 358 F.Supp.2d 328, 333 (S.D.N.Y.2005)). This is so because an enforceable forum selection clause amounts to consent to personal jurisdiction. *Ultracashmere House, Ltd. v. Madison's of*

*Columbus, Inc.,* 534 F.Supp. 542, 545 (S.D.N.Y.1982); *Farrell Lines Inc. v. Columbus Cello–Poly Corp.*, 32 F.Supp.2d 118, 127 (S.D.N.Y.1997).

Moreover, a valid forum selection clause establishes sufficient contacts with New York for purposes of jurisdiction and venue. *Koninklijke Philips Elecs. v. Digital Works, Inc.*, 358 F. Supp. 2d 328, 333 (S.D.N.Y. 2005). "It can hardly be unfair to subject a defendant to suit in a place where he has voluntarily agreed to have disputes resolved." *Id.* at 333-34. In this case, the policies contain a valid forum selection clause. Accordingly, the Court has personal jurisdiction over New Dominion and New Dominion's motion must be denied.

Furthermore, the requirements of due process are satisfied. The Due Process Clause of the Fourteenth Amendment permits a state to exercise personal jurisdiction over a non-resident defendant with whom it has certain minimum contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Calder v. Jones*, 465 U.S. 783 (1984) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940) and *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

To establish the minimum contacts necessary to justify "specific" jurisdiction, the plaintiff first must show that the claim arises out of or relates to defendant's contacts with the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984). The plaintiff must also show that the defendant purposefully availed himself of the privilege of doing business in the forum state and that the defendant could foresee being haled into court there. *See World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). If the plaintiff satisfies these requirements, the court also considers whether the assertion of jurisdiction comports with traditional notions of fair play and substantial justice—"that is, whether it is reasonable under the circumstances of a

particular case." *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996) (quoting *International Shoe*, 326 U.S. at 316, 66 S.Ct. 154).

First, the Choice of Law and Forum Clause satisfies the requirement for minimum contacts. Contractual forum selection provisions are a permissible substitute for minimum contacts. *See Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 fn. 14 (1985) and *National Equipment Rental, Ltd. v. Szukhent,* 375 U.S. 311 (1964). A choice-of-law provision should not be ignored in considering whether a defendant has "purposefully invoked the benefits and protections of a State's laws" for jurisdictional purposes. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 482 (1985).

The fact that New Dominion purchased two insurance policies with Underwriters that contained a forum selection clause setting forth that New York is the forum state for all disputes clearly demonstrates that New Dominion could anticipate being haled into a court seated in New York for an action concerning either of those policies. Moreover, the claims in this action arise out of and relates to these insurance policies. Therefore, due process requirements are easily satisfied.

In determining whether the assertion of jurisdiction is reasonable under the circumstance, the court must evaluate the following factors: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F3d 560, 568 (2d Cir. 1996). Dismissals resulting from the application of the

reasonableness test should be few and far between. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 129 (2d Cir 2002).

First, New Dominion has not alleged that it would be burdened should this Court exercise of jurisdiction or that the exercise of jurisdiction by this Court would be unreasonable under the circumstances. Where a plaintiff makes the threshold showing of the minimum contacts, required for the first test, which Underwriters has established here, a defendant must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable. *Id.* at 129. The fact that New Dominion maintains its principal place of business in Oklahoma and would be inconvenienced having to travel to New York is not persuasive. Forcing a defendant to litigate in a forum relatively distant from its home base is not burdensome because of the conveniences of modern communication and transportation ease that would have been a serious burden only a few decades ago. *Id. at* 129–30.

Second, New York has significant interest in adjudicating this case since New York law applies to this dispute, whereas Oklahoma lacks familiarity with controlling law applicable to the duty to defend and indemnify of an insurer under a policy of insurance.  Moreover, this dispute grew directly out of insurance policies which has a substantial connection with New York based upon the Choice of Law and Forum Clause. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479 (1985). Further, the action raises serious issues regarding whether a Site Pollution Liability Policy affords coverage for claims for damages or injunctive relief as a result of earthquakes allegedly caused by fracking, which would have great impact on New York insurers and New York Corporations engaged in fracking within or without the state.

The third and fourth factors both implicate the ease of access to evidence and the convenience of witnesses. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d at

130. Underwriters has a clear interest in having its forum selection clause enforced as the parties agreed. In addition, New York is a more convenient forum in that Underwriters' principal place of business is in London, England. The ease of access to evidence and the convenience of witnesses is the same for both parties inasmuch as both will need to travel in order to litigate this matter. Finally, holding New Dominion subject to jurisdiction in New York does not appear likely to erode any shared social policies. *Id.* None of these factors establish the "exceptional situation" where the exercise of jurisdiction is unreasonable even though minimum contacts are present and especially in light of the Choice of Law and Forum Clause in the policies.

Furthermore, while the Earthquake lawsuits are pending in Oklahoma, New Dominion has not demonstrated how Oklahoma's interest might possibly render jurisdiction in New York unconstitutional. *See Burger King Corp. v Rudzewicz*, 471 U.S. 462, 483 (1985). Accordingly, the Motion to Dismiss should be denied.

Not surprisingly, New Dominion provides no authority whatsoever for its specious, conclusory argument that the Choice of Law and Forum Clause is not dispositive on the issue of personal jurisdiction because this involves an insurance contract, which is a contract of adhesion. While forum selection clauses remain subject to judicial scrutiny for fundamental fairness, form contracts containing such clauses are presumptively valid and this holds true regardless of whether the terms are subject to negotiation. *Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 593 and 595 (1991). Importantly, forum selection clauses in insurance policies have routinely been held to enforceable in New York. *Transway Shipping Ltd. v. Underwriters at Lloyd's*, 717 F. Supp. 82, 84 (S.D.N.Y. 1989); *Lavan Petroleum Co. v. Underwriters at Lloyds*, 334 F.Supp. 1069, 1073 (S.D.N.Y. 1971); *Gen. Phoenix Corp v. Malyon*, 88 F. Supp. 502, 503 (S.D.N.Y. 1949).

Under New York law, a contract of adhesion is a contract formed as a product of a gross inequality of bargaining power between parties. *Klos v. Lotnicze*, 133 F.3d 164, 168 (2d Cir. 1997) (citing *Aviall, Inc. v. Ryder Sys., Inc.,* 913 F.Supp. 826, 831 (S.D.N.Y.1996)). A court will find adhesion only when the party seeking to rescind the contract establishes that the other party used "high pressure tactics," or "deceptive language," or that the contract is unconscionable. *Id.*

The policies do not qualify as contracts of adhesion under the laws of New York. *See Am. Home Assur. Co. v. McDonald*, 182 Misc. 2d 716, 721 (Sup. Ct. 1999), *affd as mod,* 274 AD2d 70 (1st Dep't 2000). First, there are neither allegations nor any evidence of high pressure tactics, deceptive language, or that the contract is unconscionable. Second, New Dominion is a limited liability company engaged in the business of oil and gas production. Accordingly, it would hardly qualify as an uneducated or needy individual that would be victim to a "contract of adhesion." Moreover, the policies are not unconscionable. Based upon the foregoing, the Court has personal jurisdiction over New Dominion. As such, the Motion to Dismiss for Lack of Personal Jurisdiction must be denied.

## CONCLUSION

For the above reasons, Underwriters respectfully requests this Court deny New Dominion's Motion in its entirety and grant to the Plaintiff such other further and different relief as to the Court may seem just, proper and equitable.

Dated:  Woodbury, New York
      August 18, 2016

MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
By: _____
      LORIN A. DONNELLY (0791)
Attorneys for Plaintiffs
1000 Woodbury Road, Suite 402
Woodbury, New York 11797
Ph: (516) 712-4000 / Fax: (516) 712-4013
File No.: 878-10695
ldonnelly@milbermakris.com