```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
CERTAIN UNDERWRITERS AT LLOYD'S,         :    16cv5005(DLC)
LONDON SUBSCRIBING TO POLICY NUMBER      :
PGIARK03959,                             :       OPINION
                          Plaintiffs,    :      AND ORDER
                                         :
               -v-                       :
                                         :
NEW DOMINION, LLC,                       :
                                         :
                          Defendant.     :
                                         :
---------------------------------------- X
```

APPEARANCES

For the plaintiffs:
Lorin A. Donnelly
Milber Makris Plousadis & Seiden, LLP
1000 Woodbury Road, Suite 402
Woodbury, NY 11797

For the defendant:
Andrew C. Jayne
Emily C. Krukowski
Baum Glass & Jayne PLLC
401 S. Boston Ave., Suite 2300
Tulsa, OK 74103

David Spears
Reed M. Keefe
Spears & Imes, LLP
51 Madison Avenue
New York, NY 10010

DENISE COTE, District Judge:

  This declaratory judgment action concerns whether the

plaintiffs, certain underwriters at Lloyd's London subscribing

to policy number PGIARK03959 ("Lloyd's"),[1] must defend and indemnify the defendant New Dominion, LLC ("New Dominion") under a pollution liability insurance policy for five lawsuits filed against New Dominion in Oklahoma state and federal courts.  New Dominion has moved to dismiss the complaint on the grounds that the Court should abstain under the Wilton/Brillhart doctrine and that the Court lacks personal jurisdiction over New Dominion.  For the reasons that follow, the motion is denied.

## Background

The following facts are taken from the complaint and documents attached to or integral to the plaintiffs' claims.  New Dominion is an Oklahoma limited liability company engaged in the business of oil and gas exploration and development.  New Dominion obtained a pollution liability insurance policy[2] (the "Policy") from Lloyd's.  Under the Policy, Lloyd's agrees to pay

---

[1] The plaintiffs are two syndicates, or "Names," of Lloyd's of London.  Unlike a typical insurance company, Lloyd's is a marketplace that facilitates the risk transfer process between policyholders and underwriters, or "Names."  The underwriter plaintiffs in this action are Ark Corporate Member Limited and Renaissance Re Corporate Capital Limited, both English corporations.

[2] Policy number PGIARK03959-00 was in effect from July 1, 2014 until July 1, 2015.  Policy number PGIARK03959-01 was in effect from July 1, 2015 until July 1, 2016.  The two policies are identical in all respects relevant to this Opinion, and will be collectively referred to as the "Policy."

2

for "sums that [New Dominion] becomes legally obligated to pay as damages from claims for bodily injury or property damage that result from pollution conditions at, on, under or migrating from [New Dominion's] site(s)."  The Policy includes a forum selection clause that provides:

> Choice of Law and Forum: In the event that [New Dominion] and [Lloyd's] dispute the validity of formation of this policy or the meaning, interpretation or operation of any term, condition, definition or provision of this policy resulting in litigation, arbitration or any other form of dispute resolution, [New Dominion] and [Lloyd's] agree that the laws of the State of New York shall apply and that all litigation, arbitration or other form of dispute resolution shall take place in the State of New York.

In January and February of 2016, five lawsuits were filed in Oklahoma state and federal courts against New Dominion alleging that New Dominion's hydraulic fracturing –- also known as fracking -- and injection well operations caused or contributed to an increase in earthquakes in Oklahoma (the "Earthquake Actions").[3]  The plaintiffs in the Earthquake Actions also allege that they suffered damages as a result of earthquakes.  New Dominion sought coverage from Lloyd's under the Policy for the Earthquake Actions.  In five letters each

---

[3] The five lawsuits are: Felts v. Devon Energy Production Co., No. CJ-2016-I37, Oklahoma County; Griggs v. Chesapeake Operation, LLC, et al., No. CJ 2016-6, Logan County; Lene v. Chesapeake Operating, LLC, et al., No. CJ-2016-27, Logan County; Sierra Club v. Chesapeake Operating LLC, et al., No. CIV-I6-134 (W.D. Okla.); and West v. ABC Oil Co., et al., No. CJ-16-49, Pottawatomie County.

dated May 4, 2016, Lloyd's disclaimed coverage for the Earthquake Actions, principally because (1) the water injected into wells that allegedly caused the earthquakes is not a "pollutant" as defined by the Policy and (2) the injuries alleged in the Earthquake Actions do not "result from" any "pollution condition."

### I. Oklahoma Proceedings

Despite the forum selection clause in the Policy, on June 16, 2016, New Dominion filed a lawsuit against Lloyd's in the District Court of Tulsa County, Oklahoma (the "Oklahoma Action") for breach of contract and breach of the covenant of good faith and fair dealing for disclaiming coverage under the Policy.  In the Oklahoma Action, New Dominion also sued Mark Tedford ("Tedford"), a citizen of Oklahoma and Tedford & Associates, LLC ("Tedford LLC"), an Oklahoma limited liability company.  Tedford is alleged to be an insurance agent who helped New Dominion procure a commercial general liability and excess coverage insurance policy from the National American Insurance Company.  The inclusion of Tedford in the Oklahoma Action, if properly joined, defeats federal jurisdiction because there is not complete diversity of the parties.

On July 22, Lloyd's filed a notice of removal of the Oklahoma Action to the United States District Court for the Northern District of Oklahoma.  In their notice of removal,

4

Lloyd's contends that the inclusion of Tedford and Tedford LLC in the Oklahoma Act constitutes fraudulent joinder because New Dominion has no valid claim against Tedford or Tedford LLC, or alternatively, that it constitutes misjoinder because any claims against Tedford and Tedford LLC have no real connection with the claims against Lloyd's.  On the same day it filed a notice of removal, Lloyd's also filed a motion to transfer the Oklahoma Action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a) because of the forum selection clause contained in the Policy.  On August 18, New Dominion filed a motion to remand the Oklahoma Action to Oklahoma state court.  Lloyd's motion to transfer and New Dominion's motion to remand are currently pending in the Northern District of Oklahoma.

## II.     New York Proceedings

On June 27, Lloyd's filed the instant action seeking a declaratory judgment that the Policy does not afford coverage for New Dominion for the claims asserted in the Earthquake Actions, and that Lloyd's has no obligation to defend or indemnify New Dominion with respect to the Earthquake Actions. On July 26, New Dominion filed a motion to dismiss the complaint arguing (1) that the Court should abstain from deciding the case under the Wilton/Brillhart doctrine, and (2) that the Court lacks personal jurisdiction over New Dominion.  The motion

5

became fully submitted on September 2.

## Discussion

### I. Abstention

"[A]bstention is generally disfavored, and federal courts have a 'virtually unflagging obligation' to exercise their jurisdiction." Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist., 673 F.3d 84, 100 (2d Cir. 2012) (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)).  "The abstention doctrine comprises a few extraordinary and narrow exceptions to a federal court's duty to exercise its jurisdiction, and in this analysis, the balance is heavily weighted in favor of the exercise of jurisdiction."  Id. (citation omitted).  One exception, "[t]he Brillhart abstention doctrine[,] allows a district court in its discretion to abstain from rendering a declaratory judgment when 'the questions in controversy between the parties to the federal suit can better be settled in the proceeding pending in the state court.'" Travelers Ins. Co. v. Carpenter, 411 F.3d 323, 338 (2d Cir. 2005) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 282 (1995)) (emphasis omitted).  Factors relevant to whether a court should abstain under Brillhart include, inter alia, the scope of the parallel state litigation and the nature of the defenses available there, whether the claims of all parties in interest

6

can satisfactorily be adjudicated in that state proceeding, whether necessary parties have been joined, and whether such parties are amenable to process in that proceeding.  <u>Youell v. Exxon Corp.</u>, 74 F.3d 373, 375-76 (2d Cir. 1996).

Abstention is inappropriate in this case because the Policy requires disputes to be litigated in New York and thus issues related to coverage under the Policy cannot be better settled in the Oklahoma Action.  A forum selection clause is presumptively enforceable if three elements are met: (1) the clause was reasonably communicated to the party resisting enforcement, (2) the clause is mandatory rather than merely permissive, and (3) the claims and parties involved in the suit are subject to the forum selection clause.  <u>Martinez v. Bloomberg LP</u>, 740 F.3d 211, 217 (2d Cir. 2014).  If these three elements are satisfied, a party may overcome the presumption of enforceability only by "making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching."  <u>Id.</u> (citation omitted).

The forum selection clause in the Policy is enforceable. First, the clause was reasonably communicated to New Dominion because it is contained in the Policy that New Dominion executed with Lloyd's.  As a sophisticated business, New Dominion is held to its contractual obligations entered into at arm's length.  <u>See</u> <u>Magi XXI, Inc. v. Stato della Citta del Vaticano</u>, 714 F.3d

7

714, 721 (2d Cir. 2013) ("We give substantial deference to the forum selected by the parties, particularly where this choice was made in an arm's-length negotiation by experienced and sophisticated businessmen." (citation omitted)).  Second, the clause uses mandatory language because it requires that "all litigation . . . shall take place in the State of New York." (Emphasis added.)  Third, the parties and claims in the Oklahoma Action are subject to the forum selection clause because the clause is broad.  It applies to disputes concerning "the validity of formation of [the Policy] or the meaning, interpretation or operation of any term, condition, definition or provision of [the Policy] resulting in litigation."  New Dominion's claims against Lloyd's in the Oklahoma Action allege that Lloyd's breached the Policy by disclaiming coverage under the Policy.  Resolution of those claims turns on whether the Policy requires Lloyd's to cover the claims in the Earthquake Actions.  Because that is a dispute as to the "meaning, interpretation or operation" of the Policy, the claims in the Oklahoma Action are subject to the forum selection clause. Finally, New Dominion has made no showing that enforcement of the forum selection clause would be unreasonable or unjust. Indeed, it would be unjust to deprive Lloyd's of its contractual right to litigate disputes concerning the Policy in New York.

    Because the Policy contains an enforceable forum selection

8

clause, the Oklahoma Action was brought in the wrong forum and thus is not better suited to decide the dispute between New Dominion and Lloyd's.  For that reason, abstention is not appropriate.[4]

New Dominion's arguments that the forum selection clause is unenforceable are without merit.  First, New Dominion argues that Lloyd's has consented to the Oklahoma forum because the Policy provides:

> It is agreed that in the event of the failure of the Underwriters hereon to pay any amount claimed to be due hereunder, the Underwriters hereon, at the request of the Insured (or Reinsured), will submit to the jurisdiction of a Court of competent jurisdiction within the United States.  Nothing in this Clause constitutes or should be understood to constitute a waiver of Underwriters' rights to commence an action in any Court of competent jurisdiction in the United States, to remove an action to a United States District Court, or to seek a transfer of a case to another Court as permitted by the laws of the United States or of any State in the United States.

(the "Service Clause").  New Dominion contends that the Service Clause permits New Dominion to sue Lloyd's in any jurisdiction within the United States, and this "creates an ambiguity in the Polic[y] that makes it uncertain as to where an action regarding

---

[4] Lloyd's also argues that Brillhart abstention is not appropriate because the Oklahoma Action is no longer a state court proceeding since Lloyd's removed the case to the Western District of Oklahoma.  Because the forum selection clause in the Policy renders abstention inappropriate in this action, the Court need not address whether removal of a state court action precludes application of Brillhart abstention even when a motion to remand has been filed.

the interpretation of the Polic[y] should be pursued."  This argument is contrary to the unambiguous language of the Policy.  To begin with, the Service Clause applies to a narrow set of disputes.  It applies to those situations in which Lloyd's fails to pay an "amount claimed."  Even in those situations, the Service Clause provides that it does not waive Lloyd's right to commence a separate action or to seek to transfer an action to New York.  Read together with the forum selection clause, Lloyd's is required to accept service of process in any jurisdiction in the United States when New Dominion claims it is owed a specific amount, even if such an action is filed in an improper forum, but also has a right to either move to transfer that case to New York, or file its own action in New York.  See Smith v. City of Buffalo, 992 N.Y.S.2d 816, 817 (4th Dep't 2014) ("It is well settled that a contract must be read as a whole to give effect and meaning to every term.  Indeed, a contract should be interpreted in a way that reconciles all of its provisions, if possible." (citation omitted)).

Second, New Dominion argues that the choice of law provision in the Policy is unenforceable under New York law, that Oklahoma law applies to the enforceability of the forum selection clause, and that under Oklahoma Law, the forum selection clause is unenforceable.  In support of this argument, New Dominion relies on New York choice of law principles

applicable to contracts and insurance policies generally.[5]  This argument fails because the choice of law provision is enforceable under New York law.  A choice of law provision serves as a "substitute for the conflict-of-laws analysis that otherwise would determine what law to apply," and is generally enforced.  Ministers & Missionaries Benefit Bd. v. Snow, 26 N.Y.3d 466, 470 (2015).  For that reason, New Dominion's discussion of New York's choice of law rules for contracts and insurance policies generally, and of Oklahoma law on forum selection clauses, is inapposite.[6]

## II. Personal Jurisdiction

"A plaintiff bears the burden of demonstrating personal jurisdiction over a person or entity against whom it seeks to

---

[5] In its reply brief, New Dominion cites Tradin Organics USA, Inc. v. Maryland Cas. Co., No. 06cv5494 (WHP), 2008 WL 241081, at *2 (S.D.N.Y. Jan. 29, 2008), but conspicuously omits the first of the relevant factors: "any choice-of-law provision contained in the contract."

[6] In its reply brief, New Dominion argued for the first time that the Court should abstain from deciding this case because the Oklahoma Action is the first filed federal action.  This argument is untimely.  RSM Prod. Corp. v. Fridman, No. 06cv11512 (DLC), 2007 WL 2295907, at *5 (S.D.N.Y. Aug. 10, 2007) ("An argument first raised in reply may be ignored." (citation omitted)).  Even if this argument had been timely raised, application of the first filed rule is not warranted in this case because the parties agreed to litigate disputes concerning the Policy in New York.  See New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc., 599 F.3d 102, 113 (2d Cir. 2010) (affirming denial of motion to transfer case to forum where first filed action was pending).

bring suit." Troma Entm't, Inc. v. Centennial Pictures Inc., 729 F.3d 215, 217 (2d Cir. 2013) (citation omitted). At the motion to dismiss stage, a plaintiff need only make a prima facie showing that jurisdiction exists. Id. Parties can consent to personal jurisdiction through forum selection clauses in contractual agreements. D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 103 (2d Cir. 2006).

The Policy provides that New Dominion and Lloyd's "agree that the laws of the State of New York shall apply and that all litigation, arbitration or other form of dispute resolution shall take place in the State of New York." Because New Dominion agreed that all litigation must be brought in New York, it has consented to personal jurisdiction in this Court.

New Dominion's argument to the contrary is without merit. It argues that it cannot be bound by the forum selection clause because it is contained in a contract of adhesion. New Dominion does not explain why it believes the Policy is a contract of adhesion, nor does it allege any abusive conduct by Lloyd's during the negotiation and execution of the Policy. Whether a forum selection clause is enforceable is a question of federal law. Martinez, 740 F.3d at 217.[7] As already discussed, the

---

[7] In determining whether a forum selection clause is mandatory and whether claims and parties are subject to a forum selection clause, a federal court applies the substantive law chosen by the parties in their contract, here, New York. Martinez, 740 F.3d at 217-18.

12

forum selection clause in the Policy is enforceable.  See id.

Moreover, even under New York Law, "[a] contract of adhesion is a contract formed as a product of a gross inequality of bargaining power between parties" and is generally "offered by large, economically powerful corporations to unrepresented, uneducated, and needy individuals on a take-it-or-leave-it basis, with no opportunity to change the contract's terms." Klos v. Lotnicze, 133 F.3d 164, 168 (2d Cir. 1997) (citation omitted).  The Policy is an insurance contract between two sophisticated businesses and New Dominion has not alleged any power imbalance between it and Lloyd's.  Thus, there is no basis to conclude that the Policy is a contract of adhesion.

## Conclusion

New Dominion's July 26, 2016 motion to dismiss is denied.

Dated:   New York, New York
         September 7, 2016

                                      _____
                                             DENISE COTE
                                      United States District Judge

13